UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JULIA VANCE PROBST,<br><br>    Plaintiff,<br><br>    v.<br><br>ADAMS COUNTY SHERIFF DPET.;<br>VALLEY COUNTY SHERIFF DEPT.;<br>UNITED STATES POSTAL SERVICE;<br>IDAHO DEPARTMENT OF HEALTH<br>AND WELFARE; and ST. LUKE'S,<br><br>    Defendants. | Case No. 1:20-cv-00032-DCN<br><br>**SUCCESSIVE REVIEW ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Julia Vance Probst's Response to the Initial Review Order. Dkt. 40. Because the Court granted Probst's request to proceed in forma pauperis, the Court undertakes a review of Probst's motion pursuant to 28 U.S.C. § 1915. Generally, the Court reviews a party's complaint, but Probst has not filed an Amended Complaint in this case, despite the Court's Order to do so. Dkt. 36.

Based on the arguments therein, Probst's current submission appears to be a motion to reconsider. However, even construing Probst's motion very liberally as an Amended Complaint, Probst's allegations remain legally insufficient to survive review. Accordingly, the Court will DENY Probst's motion and DISMISS this case WITH PREJUDICE.

## II. BACKGROUND

On January 21, 2020, Probst filed an Application to Proceed In Forma Pauperis

("IFP") and a Complaint with the Court. Dkts. 1–2. Thereafter she filed a significant number of amended pleadings and briefs. *E.g.*, Dkts. 13, 20, 23–24, 26–30, 31–35. The Court then undertook a thorough review of Probst's claims as contained in all her pleadings and briefs. *See* Dkt. 36. On September 3, 2020, the Court issued its Initial Review Order in which it granted Probst IFP status but dismissed her claims. *Id.* at 19–20. The Court, however, provided Probst leave to amend her pleading within sixty days to cure the deficiencies the Court identified. *Id.* The Court cautioned Probst that failure to file an Amended Complaint "within the ordered timeframe w[ould] result in the full dismissal of this case WITH PREJUDICE and without further notice." *Id.* (emphasis in original).

Thereafter, Probst filed four documents. Dkts. 37–40. The first involved an allegation that an individual at the Valley County Sheriff Department sent Probst an email with a virus; pictures of the email were attached. *See generally* Dkt. 37. The second advanced additional conclusory allegations similar to her dismissed claims regarding "false police reports," "malicious record keeping," a "pattern of bad behavior," and so on. *See generally* Dkt. 38. The third filing purported to contain exhibits of corruption by the Valley County Sheriff Department in 1998. *See generally* Dkt. 39. The final document was the instant Response to the Court's Initial Review Order, which the Court views as a motion to reconsider. Dkt. 40. Again, for the sake of argument, the Court also construes it—and these other filings—liberally as an Amended Complaint.

Pursuant to its statutory mandate, the Court once again reviews this case. 28 U.S.C. § 1915(e)(2).

### III. LEGAL STANDARD

The Court is required to screen complaints that are brought by litigants who seek in forma pauperis status. *See id.* The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

During this review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443,447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

### IV. ANALYSIS

Probst advances numerous points and arguments in her recently filed documents. But none of her arguments cure the deficiencies of her claims or otherwise change the Court's previous conclusions. The Court will address Probst's points one by one.

First, Probst addresses her IFP status several times throughout her response. She specifically discusses her financial needs and various forms of income she has received. Because the Court granted her IFP status, these discussions are unnecessary and serve only

to support the Court's prior decision on that matter.

Next, Probst states several times that she has concerns that the Court does not care about her rights. Dkt. 40, at 5. In her most passionate statement, Probst dejectedly declares, "Nobody cares about my rights . . . . Nobody cares if the records are inaccurate . . . . and nobody seems to have ethics anymore." *Id.* at 6. Nothing could be further from the truth. The Court has engaged in a thorough review of Probst's claims in this case, including an assessment of every document Probst has filed. The Court deeply cares about Probst's rights, as well as accuracy and ethics. However, substantive and procedural rules of law guide this Court, and the law requires that the Court dismiss Probst's claims for the reasons stated in the Court's previous Order. *See generally* Dkt. 36.

Later in her response, Probst states, "I am and always have been hard working and respectable." *Id.* at 10. Although the Court has no reason to doubt this assertion, these attributes have no bearing on whether Probst's claims are legally sufficient. Stated differently, the law is no respecter of persons, and lady justice is blind to one's personal characteristics, such as work ethic or respectability. *Trist v. Child*, 88 U.S. 441, 453 (1874) ("The law is no respecter of persons."); *accord Woods v. Davis*, 185 F.2d 567, 569 (9th Cir. 1950); *Lutich v. United States*, No. 70-1332, 1972 WL 426, at *1 (N.D. Cal. May 28, 1972) ("The law is no respecter of persons: All persons, including the United States, stand equal before the law and are to be dealt with as equals in a Court of Justice.").

Probst addresses the substance of the Court's previous conclusions that her claims were insufficiently pleaded in two ways. She first maintains that she has properly pleaded her *Bivens* claims. *See generally Bivens v. Six Unknown Named Agents of Federal Bureau*

SUCCESSIVE REVIEW ORDER - 4

*of Narcotics*, 403 U.S. 388 (1971). She then posits that St. Luke's is a state actor. Neither argument is availing.

Probst first states, "I do not understand how a [*Bivens*] case would not be used for a United States Postal employee, as [*Bivens*] was a case against six un-named Federal drug enforcement agents." Dkt. 40, at 8. However, her statement misses the mark. The Court previously dismissed Probst's *Bivens* claims because they are improperly premised on actions taken in the course and scope of employment and under a respondeat superior theory (Dkt. 36, at 14),[1] and because they are barred by the statute of limitations (*Id.* at 19). Accordingly, the Court's dismissal is not because *Bivens* cannot apply to Probst's allegations; rather, Probst's claims are legally insufficient.

Probst then argues that St. Luke's is a state actor because it receives Medicaid and Medicare payments, and because its medical professionals work for the Idaho State Prison Systems. Dkt. 40, at 8. The Court previously dismissed Probst's claim that St. Luke's falsified her medical records, and it did so for several reasons. Dkt. 36, at 12–13. First, Probst did not plead her claim with sufficiently clear allegations to put St. Luke's on notice. Additionally, Probst did not sufficiently allege a policy or custom required to state a *Monell* claim. Lastly, Probst did not allege that St. Luke's operated under color of state law. Thus, it is unnecessary for the Court to address Probst state-actor arguments/allegations because she has not corrected the other deficiencies identified.

---

[1] *Kim v. Federal Way Post Office Postmaster*, 256 F. App'x 1, 2 (9th Cir. 2009) ("[R]espondeat superior is inapplicable in a *Bivens* action." (citing *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991)); *see also Pereira v. United States Postal Serv.*, 964 F.2d 873, 877 (9th Cir. 1992) ("[T]he Postal Service cannot be sued for constitutional torts" due to its sovereign immunity.).

SUCCESSIVE REVIEW ORDER - 5

Nevertheless, the Court notes that generally, "Private hospitals, doctors, and nurses are not . . . considered state actors amenable to suit under § 1983." *Sliwinski v. Maysent*, No. 3:18-cv-2653-CAB, 2019 WL 581720, at *4 (S.D. Cal. Feb. 13, 2019) (citing *Briley v. California*, 564 F.2d 849, 855–56 (9th Cir. 1977)). Courts have not found that private hospitals are state actors merely because they are subject to state regulation. *See Chudacoff*, 649 F.3d at 1149 (stating the mere fact that a private hospital is "subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment" (cleaned up)). Nor have courts found state action when a private, non-profit hospital's "state links consist merely of receipt of federal funds under the Hill-Burton, Medicaid, and Medicare programs, and exemption from state and federal taxes." *Id.* (citation omitted). Courts have, however, found state action when a state has delegated its obligation to provide medical care to inmates to a private hospital or medical provider, *McKenzie v. Jorizzo*, No. 1:13-cv-1302-AA, 2015 WL 127826, at *4 (D. Or. Jan. 6, 2015) (collecting cases), when a private hospital or physician enters into a contract with the state to provide medical care to inmates, *McKinney v. Cty. of Imperial*, No. 18-7198, 2019 WL 384323, at *3 n.6 (C.D. Cal. Jan. 3, 2019), when a private party has contracted with the state to provide medical care to indigent citizens, *Sliwinski*, 2019 WL 581720, at *4 (citing *Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 883 (9th Cir. 1991)), and when "a publicly financed hospital . . . leased its management and operation to a private corporation." *Chudacoff*, 649 F.3d at 1150 (citation omitted).

Here, Probst's argument/allegation that St. Luke's is a state actor due to its receipt of Medicaid and Medicare payments is unhelpful to maintain her claim because such does

not fit the legal definition of a state actor. Merely receiving funds from a government source does not make a hospital an arm of the state. And Probst's argument/allegation that St. Luke's is a state actor because its medical professionals work for the Idaho State Prison Systems is both factually and legally insufficient. It is factually insufficient because it does not say which workers do so, in what way they do so, and what their purported employment contracts with Idaho entail. It is legally insufficient based on a fine distinction: the allegation does not state that St. Luke's—the entity—does so. Rather, it vaguely says its medical professionals. Therefore, Probst has not sufficiently pleaded that St. Luke's is a state actor. Again, regardless of this conclusion, Probst still fails to state a plausible claim against St. Luke's because she has not addressed the other shortcomings of her claim.

Lastly, in anticipation of this case being dismissed, Probst states, "If I drop the entire thing, I wish for it to be dismissed without prejudice" to be able to re-file if future events necessitate another lawsuit. Dkt. 40, at 9 (cleaned up). Dismissal of this case does not preclude Probst from filing another action based on events that occur *after* the issuance of this Order. This case deals solely with her claims from the past.

Probst also states, "I feel this Court has if my case is dismissed for lack of funds, violated my Fifth Amendment to the US Constitution as well as my Fourteenth Amendment to the US Constitution in the Due Process Clause." Dkt. 40, at 10 (cleaned up). Although it is unclear, her support for this assertion appears to be her other expressed feeling: "My case was not really looked at (but on the other side of this thing, it was looked at and quoted more accurately than the Oregon District Court Case I filed there." *Id.* Another potential source of support for her claim could be her speculation that the Defendants have "fed" the

Court with false information. *See id.* at 5.

The premises for Probst's argument are wholly unfounded. The Court is not dismissing Probst's case for lack of funds or lack of thorough review. Indeed, the Court granted Probst's request to proceed IFP. Moreover, Defendants have not filed anything with the Court in this case. Nor have they communicated with the Court in any way. In fact, they are not even aware of this docket as the Court has not yet allowed Probst to serve any of the Defendants. The Court has dismissed Probst's claims for failure to state viable claims under 28 U.S.C. § 1915(e)(2)(B)(ii) and corresponding legal authorities—nothing more, nothing less.

## V. CONCLUSION

For the reasons stated herein, and in the Court's previous Order, none of Probst's claims are viable. The Court provided Probst the opportunity to amend her pleading. It appears to the Court that she has instead opted to move for reconsideration. If such is the case, her motion is DENIED. However, construing her filed documents very liberally as amended pleadings, Probst has still failed to state a claim upon which relief may be granted. Under these circumstances, the Court is statutorily required to dismiss Probst's case. *See id.*; *see also McHenry v. Renne*, 84 F.3d 1172, 1177–78 (9th Cir. 1996) (holding that a pleading that is "argumentative, prolix, replete with redundancy," and does not state "who is being sued, for what relief, and on what theory, with enough detail to guide discovery" must be dismissed).

///
///

## VI. ORDER

IT IS HEREBY ORDERED:

1. Probst's Motion to Reconsider (Dkt. 40) is DENIED.

2. Because she has not stated a plausible claim upon which relief may be granted and because it does not appear that Probst will avail herself of the opportunity to properly plead her claims, this case is DISMISSED WITH PREJUDICE and CLOSED.

DATED: April 19, 2021

David C. Nye
Chief U.S. District Court Judge